UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| CHRISTOPHER LEWIS ADAMS, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>MR. RANDY BALLNGER, M.A., et al., )<br>)<br>Defendants. ) | No. 1:09-cv-0032-LJM-JMS |

**Entry Discussing Motion for Summary Judgment**

The pleadings and the evidentiary record in this civil rights action brought by Christopher Adams show that Adams is an inmate at the Pendleton Correctional Facility ("Pendleton"), an Indiana prison, Adams alleges in this action brought pursuant to 42 U.S.C. § 1983 that his federally secured rights were violated by the denial of constitutionally required medical (including mental health) care. The defendants seek resolution of Adams' claims through the entry of summary judgment.

The defendants seek resolution of Adams' claims through the entry of summary judgment. Such a disposition is warranted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." **FED.R.CIV.P.** Rule 56(c). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 127 S. Ct. 1769, 1776 (2007).

"The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996). "Factual disputes are 'genuine' only 'if the evidence is such that a reasonable jury could return a verdict for the [non-movant].'" *Oest v. Illinois Dep't of Corrections,* 240 F.3d 605, 610 (7th Cir. 2001) (quoting *Anderson,* 477 U.S. at 247). The substantive law invoked by the defendants in support of their motion for summary judgment is this:

> !   The Eighth Amendment's ban on "cruel and unusual punishments" requires prison officials to take reasonable measures to guarantee the safety of inmates, including the provision of adequate medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

> !   An Eighth Amendment claim based on inadequate medical care contains two elements: (1) the prisoner suffered an objectively serious harm that presented a

substantial risk to his safety, and (2) the defendants were deliberately indifferent to that risk. *Collins v. Seeman*, 462 F.3d 757, 760 (7th Cir. 2006).

! "A claim based on deficient medical care must demonstrate two elements: 1) an objectively serious medical condition, and 2) an official's deliberate indifference to that condition." *Williams v. Liefer,* 491 F.3d 710, 714 (7th Cir. 2007) (citations omitted). Although there is no precise test to assess when a plaintiff's medical need is sufficiently serious, the pertinent standard contemplates a condition that has been diagnosed by a doctor as requiring treatment or one that is so obvious that even a lay person would perceive the need for medical treatment. *Greeno v. Daley,* 414 F.3d 645, 653 (7th Cir. 2005); *Gutierrez v. Peters,* 111 F.3d 1364,1373 (7th Cir. 1997). Deliberate indifference exists only when an official "knows of and disregards an excessive risk to an inmate's health; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994) (construing *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

! For a medical professional to be liable for deliberate indifference to an inmate's medical needs, he must make a decision that represents "'such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment.'" *Sain v. Wood,* 512 F.3d 886, 895 (7th Cir. 2008) (quoting *Collignon v. Milwaukee County,* 163 F.3d 982, 988 (7th Cir. 1998)); *see also Johnson v. Doughty,* 433 F.3d 1001, 1013 (7th Cir. 2006). "[D]eliberate indifference may be inferred . . . when the medical professional's decision is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible did not base the decision on such a judgment." *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001).

As noted, the defendants seek resolution of Adams' claim through the entry of summary judgment. And, "[a]s stated by the Supreme Court, summary judgment is not a disfavored procedural shortcut, but rather is an integral part of the federal rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action." *Harney v. Speedway SuperAmerica, LLC*, 526 F.3d 1099, 1103 (7th Cir. 2008) (citations omitted).

"When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must — by affidavits or as otherwise provided in this rule — set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." FED.R.CIV.P. Rule 56(e)(2). The nonmoving party bears the burden of demonstrating that such a genuine issue of material fact exists. See *Harney,* 526 F.3d at 1104 (citing cases). The nonmovant will successfully oppose summary judgment only when it presents definite, competent evidence to rebut the motion." *Vukadinovich v. Bd. of Sch. Trs.,* 278 F.3d 693, 699 (7th Cir. 2002) (internal quotation and citation omitted). A court may consider only admissible evidence in assessing a motion for summary judgment." *Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009)(citing cases). Materials which do not comply with the standard of Rule 56(e) will be disregarded. *Ziliak v. AstraZeneca LP,* 324 F.3d 518, 520 (7th Cir. 2003)("[A] party's failure to comply with summary judgment evidentiary requirements is traditionally remedied . . . by excluding the non-conforming submission and deeming the opposing party's proposed

findings of fact admitted and then determining whether those facts entitle the moving party to judgment as a matter of law."). Adams has opposed the defendants' motion for summary judgment, but has offered no admissible evidence in doing so and does not suggest that the evidence submitted by the defendants creates a material question of fact precluding the entry of summary judgment.

The following statement of undisputed material facts was evaluated pursuant to the standard set forth above. That is, this statement of facts is not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and the disputed evidence are presented in the light reasonably most favorable to Adams as the non-moving party with respect to the motion for summary judgment. *See Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 150 (2000).

- ! Adams was confined at Pendleton during the times pertinent to his claims in this lawsuit. Pendleton is a prison operated by the Indiana Department of Correction. Adams was committed to the custody of the Indiana Department of Correction following his conviction in an Indiana state court for child molestation.

- ! The defendants are Randy Ballinger and Dr. Todd Chilton.

- ! Adams claims he suffers from Gender Identity Disorder ("GID") and that a sex change operation and hormone therapy are necessary to quell his desires to have sex with underage girls.

- ! Adams does not suffer from GID and therefore would not benefit from a sex change operation or hormone therapy.

- ! Adams has an anti-social personality disorder. The appropriate therapy for this disorder is group therapy.

- ! Adams has claimed he has trauma-related anxiety. However, he does not have trauma-related anxiety. Adams has claimed he has depression. He refused antidepressant medication and it has been determined that Adams does not have ongoing depression and does not need antidepressant medication.

- ! Adams has been prescribed Ditropan and adult diapers for his bed wetting issues. Adams has refused to take the medication. Adams' bed wetting issues do not require a sex-change operation or hormone replacement therapy.

A court examines the totality of an inmate's medical care when determining whether prison officials have been deliberately indifferent to an inmate's serious medical needs. *Reed v. McBride,* 178 F.3d 849, 855 (7th Cir. 1999). In this case, Adams has asserted that he suffers from specific medical conditions–GID and trauma-related anxiety–and believes that the treatment associated with such conditions is required by the Eighth Amendment. However, he does not have those conditions, he has conditions for which he has been offered and has refused treatment, and the measures he seeks are not appropriate for the conditions with which he has been diagnosed. Adams' disagreement with these circumstances does not support a claim of cruel and unusual punishment, *Garvin v. Armstrong*, 236 F.3d 896, 898 (7th Cir. 2001) ("A difference of opinion as to how a condition should be treated does not give rise to a constitutional violation.), and no rational trier of fact

could conclude otherwise. Inmates are entitled to adequate medical care consisting of reasonable measures to meet a substantial risk of serious harm. *See Forbes v. Edgar,* 112 F.3d 262, 267 (7th Cir. 1997). The treatment that Adams has been provided (and offered) to Adams has been appropriate and within the standard of care for his conditions.

Although "'federal courts must take cognizance of the valid constitutional claims of prison inmates,'" *Babcock v. White,* 102 F.3d 267, 275 (7th Cir. 1996) (quoting *Turner v. Safley,* 482 U.S. 78, 84 (1987)), no claim of that nature has been presented by Smith in this case. As in *Forbes,* Adams was "not entitled to demand specific care. [H]e [was] not entitled to the best care possible. [H]e [was] entitled to reasonable measures to meet a substantial risk of serious harm to [him]." Adams' medical needs have been diagnosed. The treatment he seeks is not appropriate for his condition. The denial of the treatment he seeks is not associated with any of his medical conditions.

For the reasons explained in this Entry, therefore, the defendants' motion for summary judgment (dkt 68) is **granted**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 06/08/2010

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana